**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ENERGY REGULATORY | ) | |
| COMMISSION, | ) | |
| 888 First Street, NE | ) | |
| Washington, DC 20426, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Federal Energy Regulatory Commission to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its educational mission, Plaintiff regularly requests records under FOIA, analyzes the responses and any records it receives, and disseminates its findings and the records

to the American public to inform them about "what their government is up to." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 795 (1989).  Plaintiff is incorporated under the laws of the District of Columbia and is headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.

4.     Defendant is an agency of the United States Government and is headquartered at 888 First Street, NE, Washington, DC 20426.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On January 13, 2017, Plaintiff submitted a FOIA request to the Federal Energy Regulatory Commission, by certified mail, seeking access to the following:

1.     Any and all records of communications sent to or from FERC Commissioners and/or staff members regarding, concerning or relating to the sniping attack on the 2013 Metcalf Substation electrical facility in California for the period April 16, 2013 through November 30, 2014.

2.     Any and all records of communications from January 1, 2013 to November 30, 2014 sent to or from FERC Commissioners and/or staff members regarding, concerning or relating to congressional testimony provided by then-FERC Chairman Jon Wellinghoff about the Metcalf Substation incident.

3.     Any and all records of communications sent to or from FERC Commissioners and/or staff members regarding, concerning or relating to the possible or actual resignation of Jon Wellinghoff as FERC Chairman from April 2014 through November 2014.

6.     According to U.S. Postal Service Records, Defendant received Plaintiff's request on January 23, 2017.

7.     As of the date of this Complaint, Defendant has failed to:  (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to

produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.    Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.    Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

10.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on January 23, 2017.  Accordingly, Defendant's determination was due on or about February 21, 2017.  At a minimum, Defendant was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12.    Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 23, 2017

Respectfully submitted,

*/s/David F. Rothstein*
David F. Rothstein
D.C. Bar No. 450035
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: drothstein@judicialwatch.org

*Counsel for Plaintiff*